JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1265 JGB (KKx)** | Date | February 8, 2022 |
|---|---|---|---|
| Title | *Kimberly Christoff v. United States Department of Homeland Security, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:**   Order DISMISSING Plaintiff's Complaint for Failure to Prosecute (IN CHAMBERS)

Plaintiff Kimberly Christoff filed this action against Defendants on July 9, 2019. ("Complaint," Dkt. No. 1.) Plaintiff amended as of right on July 29, 2019. ("FAC," Dkt. No. 7.) On July 30, 2019, the Clerk entered a notice of deficiencies as to the request to issue summons. (Dkt. No. 12.) On February 12, 2020, Plaintiff filed amended requests for the Clerk to issue summons. (Dkt. Nos. 13-15.) On February 13, 2020, the Clerk entered a second notice of deficiencies as to the request to issue summons. (Dkt. No. 16.) On February 13, 2020, Plaintiff filed amended requests for the Clerk to issue summons. (Dkt. Nos. 17-19.) On February 13, 2020, the Clerk entered a third notice of deficiencies as to the request to issue summons. (Dkt. No. 20.)

On June 8, 2020, the Court ordered Plaintiff to show cause why the action should not be dismissed for lack of prosecution by July 8, 2020. (Dkt. No. 27.) Plaintiff's counsel timely responded on July 7, 2020. (Dkt. No. 28.)

On December 16, 2021, Plaintiff requested the Clerk to enter default against Defendant Kevin McAleenan. (Dkt. No. 30.) On December 17, 2021, the Clerk entered a notice of deficiency on the basis that requested relief could not be entered because service was made by certified mail but certified return receipts were not filed with the motion. (Dkt. No. 31.)

      Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 42(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, Plaintiff has failed to prosecute this case with reasonable diligence.

      Accordingly, the Court DISMISSES Plaintiff's action pursuant to Rule 41(b).

      The Clerk of the Court is directed to close the case.

      **IT IS SO ORDERED.**